JESSIE P. EDWARDS, Petitioner, v. A. T. EDWARDS, Respondent, IN RE WILLIE MAY EDWARDS.

St. Louis Court of Appeals, May 17, 1900.

1. **Habeas Corpus**: BY MOTHER FOR CUSTODY OF HER INFANT DAUGHTER. On a full review of all the testimony offered, held that there is no substantial evidence of immorality on the part of the mother, or of any other misconduct unfitting her to enjoy her natural right, of the possession of her child.

2. ———: ———: ———: JUDGMENT OF THE COURT. The judgment of the court is that the child, Willie May Edwards, be discharged from the custody of its grandfather and re-committed to the care and custody of its mother.

3. ———: ———: ———: ———: CUSTODY OF MOTHER, CONDITIONAL. The mother shall retain the custody of the child subject to the future supervision of this court, which is reserved to it to be exercised for the welfare of the child, as its best interests may require.

Original Proceeding in St. Louis Court of Appeals.

JUDGMENT FOR PETITIONER.

BOND, J.—This is a proceeding by *habeas corpus* brought by the mother to recover the custody of her female child, aged ten years, which custody had been awarded to the paternal grandfather of the child in a previous *habeas corpus* brought by the father against the mother, which was tried before a circuit judge, who rendered a provisional decree in favor of the mother, which upon application of the

father was subsequently re-opened to allow the intervention of the grandfather as a claimant for the custody of the child. Upon the hearing on such intervention the circuit judge awarded the custody to the intervenor, whereupon the present proceeding was instituted by the mother in this court. The application in this court sets forth that an essentially different state of facts has arisen since the submission of the case in the former proceeding. This was denied by the return. Issue was taken. We have carefully considered the evidence adduced on the former, as well as that presented in the present proceeding. This examination has convinced us that the child was taken from the custody of its mother and given to its nonresident grandfather in the former proceeding, because the family circle in which its mother lived in this city embraced another member whose presence the court deemed detrimental to the moral training of the child. The evidence on the present hearing proves to our satisfaction that the family circle of the mother will at once be permanently narrowed so as to exclude therefrom the controlling factor in the decision of the learned circuit judge. Upon this essentially altered state of facts in the present record from those under consideration in the former proceeding we have reviewed the entire testimony given on both occasions and have come to the conclusion that there is no substantial evidence of immorality on the part of the mother or of any other misconduct which would disqualify her to assert her natural and legal right to the possession of her offspring. It is true the evidence in the case shows thoughtlessness and indiscretion on her part in the choice of some of her associates, enough to raise suspicion and conjecture of an unfavorable nature, but it does not rise to the dignity of proof, and we are not willing on such grounds (which being adverted to it is expected her sense of duty will permanently amend), to take from her the child which she has borne and

whose interest the law presumes are best subserved by her custody. Weir v. Marley, 99 Mo. loc. cit. 494.

Moreover in the absence of a showing of utter depravity on the part of the mother, a just sense of her rights as such should constrain any court to hesitate long before removing the custody of the child beyond its jurisdiction for the obvious reason that it would hereafter have no power *proprio rigore* to enforce any orders it might deem proper as to the right of visitation on the part of the mother.

The judgment of this court therefore is that the child, Willie May Edwards, be discharged from the custody of its grandfather and recommitted to the care and custody of its mother, Mrs. Jessie P. Edwards, who shall retain that custody subject to the future supervision of this court, which reserves unto itself power and right to make such changes in this order as the future welfare of the child may demand, for which purpose this cause is retained in this court.

It is not denied that the respondent (the paternal grandfather) is in all respects a suitable person to be entrusted with the custody of his grandchild in case there was any valid reason why the mother should be deprived of it. He seems to have acted in good faith and from affectionate motives in his intervention in the former proceeding. We have concluded, therefore, that the costs of this proceeding shall be paid by the petitioner.

Judge *Bland* concurs in this opinion; Judge *Biggs* absent.