CAD S. WALD, Respondent, v. EMILE M. WALD,
Appellant.

St. Louis Court of Appeals, December 3, 1912.

1. DIVORCE: Custody of Children: Modification of Judgment at
   Subsequent Term: Procedure. Under Sec. 2381, R. S. 1909,
   authorizing the court granting a divorce to review, at any time,
   any order or judgment awarding alimony or the custody of the
   children, the court granting a divorce retains jurisdiction as
   to the modification of a judgment touching the custody of the
   children, and this matter may be brought to the attention of
   such court by a motion in the original cause, at a subsequent
   term; such proceeding being a continuation of the original ju-
   risdiction of the court touching the custody of the children.

2. ——: ——: Wards of Court: Permitting Removal into An-
   other Jurisdiction. Where the custody of a child is awarded in
   divorce proceedings, it becomes a ward of the court, and the
   court should not permit it to be removed into another juris-
   diction, unless its best interests require it.

3. ——: ——: ——: ——: Modification of Judgment
   Awarding Custody, at Subsequent Term: Procedure. Where a
   wife obtained a divorce and was awarded the custody of a
   child born of the marriage, a privilege given the husband by
   the decree to take the child out two days each week prima
   facie established a right in him to see it within the territorial
   jurisdiction of the court, and it was error for the court to sus-
   tain an objection to the introduction of evidence under a mo-
   tion filed by him at a subsequent term, praying for a modifica-
   tion of the decree so as to award the custody of the child to
   him on the ground the wife was about to remarry and take
   it into another jurisdiction, since he was entitled to a hearing
   on the question of whether its best interests did not require
   that it be not removed from the jurisdiction of the court.

Appeal from St. Louis City Circuit Court.—*Hon.*
*Charles Claflin Allen,* Judge.

REVERSED AND REMANDED.

*Schnurmacher & Rassieur* for appellant.

Where the custody of the child is awarded, in di-
vorce proceedings, to the mother, the child neverthe-

less remains the ward of the court. It is against the policy of the law to permit the child to be taken by the mother beyond the jurisdiction of the court, if the father, who resides here, is a suitable person and is able to properly take care of the child; and if the mother contemplates moving out of the city the custody of the child will be taken from her and turned over to the father. Miner v. Miner, 11 Ill. 43; Campbell v. Campbell, 37 Wis. 206; Chase v. Chase, 70 Ill. App. 572; Edwards v. Edwards, 84 Mo. App. 552; Jennings v. Jennings, 85 Mo. App. 290.

*Henderson, Marshall & Becker* for respondent.

(1)   The sole issue raised by the demurrer is as to the legal sufficiency of the facts alleged in the pleading, and the demurrer admits only the truth of facts stated in said pleading, provided they are material, relevant and well pleaded, and does not admit inference from them nor conclusions of law. State v. Finn, 19 Mo. App. 560; Seed Co. v. Plant Co., 23 Mo. App. 579; Dannan v. Coleman, 8 Mo. App. 595; Bradley v. Franklin County, 65 Mo. 638; Kleekamp v. Meyer, 5 Mo. App. 444.  (2)   Either party to an absolute divorce is at liberty to contract a new marriage, and unless authorized by statute, the decree of divorce should not impose restraint upon this right and as to the custody of minor children.   The   great   governing principle for the guidance of the court is the good of the child, and it may often be for the best interests of the child that is should be removed from   the   State. Barber v. Barber, 16 Cal. 378; Stetson v. Stetson, 80 Me. 483; Griffin v. Griffin, 18 Utah, 98.

STATEMENT.—This is an appeal from the judgment of the court denying defendant the right to introduce testimony on his motion to modify a decree of divorce entered against him in favor of plaintiff several years

theretofore, with respect to the custody of the minor child of the parties.

We adopt from defendant's (appellant's) brief the following statement of facts which reveals the question in controversy and the ruling of the court thereon:

"On October 3, 1904, the plaintiff in this proceeding recovered a decree of divorce from defendant and was awarded alimony and the custody of their minor child Lucile, then aged six years; and on October 31, 1904, the decree was modified, allowing defendant to visit the child on Tuesday and Thursday evenings of each week and allowing him to take her out on Saturday and Sunday of each week.

"In February, 1911, the defendant filed his motion in said cause, under section 2381, R. S. 1909, to modify the said decree touching alimony and touching the custody of said minor, in which motion the defendant, after reciting the then state of the record, alleged that he has at all times since the decree paid to plaintiff the alimony as in the decree provided; that he has at all times recognized and respected her right to the custody of said child, as in the decree provided; also, that he has at all times since the decree taken advantage of the privilege granted to him of visiting the child on Tuesday and Thursday evenings and of visiting or taking her out on Saturday and Sunday of each week; that said child is now thirteen years of age, and the relations between her and her father, the defendant, have been most filial and affectionate; and that, besides paying the alimony to the mother, the defendant has also from time to time, when occasion made it proper to do so, provided the child with such necessaries and luxuries as his means permitted; that since the decree plaintiff has been residing with her mother and sister at 5450 Clemens avenue, St. Louis, Missouri, and the child has been residing with her, and that defendant

has always been permitted to visit her at the said abode.

"It is also alleged that plaintiff contemplates becoming married in the near future to a man residing at Seattle, Washington; that her future husband is well able to provide for her support, and after the marriage she will no longer need alimony from the defendant to provide for her support; that plaintiff intends to remove said child to Seattle as her future home and to permanently take the child from St. Louis and beyond the jurisdiction of this court, and thus deprive the defendant of his right to visit and take out the child, as in the decree provided.

"It is also alleged that the best interests and welfare of the child demand that she be not taken away from the city of St. Louis and beyond the jurisdiction of this court and thus be deprived of the advantage of the superintending control of this court, in case her mother, through her conduct or through the conduct of her future husband, forfeits her right of custody of said child; that the welfare of said child also demands that she be not taken into the home of a stepfather; also that she be not taken away from the school where she is now being educated and from the companionship of her playmates and relatives, all of whom reside in the city of St. Louis; also that she be not taken away so that she will lose the companionship, advice and assistance of her father, the defendant, as assured to her under the decree.

"It is also alleged that defendant is in the employ of the Ferguson-McKinney Dry Goods Company, in St. Louis, and is in charge of their claim department; that he is earning $100 per month; that he resides at 5017 Delmar avenue, is of good moral character and enjoys good associates and good repute and standing; that he is well able to provide a proper and comfortable home for his said child, under proper superintendence, and to properly provide for her education

and support and for her welfare; that he is able to have her make her home at his sister's house, where she will also have the benefit of the supervision and care of his sister, who is a widow and well qualified to look after the wants and needs of the child; or, if the court deems it more advantageous for the welfare of the child, defendant is willing to make any arrangement which the court may deem proper for the child to remain at the home of her maternal grandmother, with whom the child has resided and now resides; but if such an arrangement be insisted upon, it should be made under such safeguards as may be necessary to guarantee that the said child will not be taken away or permitted to go beyond the jurisdiction of this court.

"Defendant prayed the court to review, modify and change the decree touching alimony and touching the custody of said child, in the following respects: That the order touching alimony, under which defendant is now obligated to pay plaintiff the sum of thirty dollars per month, be so modified that it is to terminate upon and in the event of plaintiff's remarriage; that the order touching the custody of the child be so modified that in the future the defendant alone be awarded the care, custody and maintenance of the child, giving, however, to the plaintiff the right to visit the child at such times and under such conditions as the court may deem reasonable, the custody of the child to be awarded to the defendant under such conditions, if any, as the court may see fit to impose; and defendant also prayed for a restraining order, restraining plaintiff from taking the child out of the city of St. Louis or beyond the jurisdiction of the court, until otherwise ordered by the court, and that she be notified of the making of such restraining order and of the time when the hearing will be had by the court upon the motion, and that she be required to produce the child in court, upon the said hearing and to await the further orders of the court.

"The court set the motion for hearing and issued a temporary restraining order, as prayed.

"On February 24, 1911, the parties appeared, and the motion came on for hearing. On an objection. by plaintiff to the introduction of any evidence to be offered by defendant in support of the motion, the court took the motion and objection under advisement, and on March 2, 1912, entered an order sustaining the objection to the introduction of evidence, vacating the restraining order previously issued, and overruling the motion of February 17, 1911, to modify the decree, and in so far as said motion asks for a change of the care, custody and control of the child, the motion was denied. The court reserved jurisdiction over the cause and the parties, for the purpose of making such further orders with reference to the judgment for alimony as may hereafter be deemed meet and proper.

"In due time, defendant filed his motion for a new trial, defendant also offered to dismiss the specification as to alimony, and upon the court's refusal to permit the dismissal to be entered, defendant filed a motion, praying for leave to amend by dismissing the said specification. The latter motion, as well as the motion for a new trial, were overruled by the court, and defendant in due time perfected his appeal to this court.

"Defendant had also duly saved his exception to the orders of the court above complained of, and to the sustaining of the objection to the introduction of evidence, and to the order overruling defendant's motion for new trial.

"In view of the subsequent action of the court in vacating the order for alimony, when proof was subsequently submitted of the remarriage of the plaintiff, the defendant does not wish to raise, on this appeal, any question as to the propriety of the action of the court in refusing to vacate the order for alimony upon

his original motion, nor to complain of the action of the court in refusing to permit defendant to dismiss the specification respecting alimony.    Appellant assigns as error, first, the error of the court in entering the order of March 2, 1911, aforesaid, in sustaining plaintiff's objection to the admission of testimony offered by defendant in support of the motion; in vacating the restraining order which had theretofore been made; in overruling defendant's motion to modify the decree in so far as it related to the custody of the child, and in denying to the defendant the custody of the child, all of which matters were set out in the motion for a new trial; second, the error of the court in overruling defendant's motion for a new trial.''

NORTONI, J. (after stating the facts).—The statute provides there may be a review of any order or judgment touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as in other cases.    [Sec. 2381, R. S. 1909.]    There can be no doubt that, under this statute, the court granting the divorce retains jurisdiction as to the modification of the judgment or decree touching the maintenance of the wife and the custody of the children.    These matters may be brought to the attention of the court by motion in the original cause, as here, at a subsequent term, for the proceeding is but a continuation of the original jurisdiction concerning the custody of the children.    [See Cole v. Cole, 89 Mo. App. 228; Meyers v. Meyers, 91 Mo. App. 151.] But though defendant filed a proper motion in the case, setting forth the facts upon which the modification of the decree concerning the custody of the child was sought, the court refused him the right to introduce testimony in support thereof and denied the application upon a mere *ore tenus* objection thereto, as if it appeared on the facts stated in the motion no prima facie right to the relief prayed appeared.    It

would seem the court treated the oral objection to the
introduction of evidence in support of the motion as a
demurrer thereto, and by the judgment given declared
plaintiff had a right to remove the child out of the ju-
risdiction of the court into a foreign State and into a
new home amid other surroundings, notwithstanding
the decree establishing defendant's right to frequently
visit his offspring and take her out on Saturdays and
Sundays in St. Louis. Obviously this was error, for
the decree of divorce established a right prima facie
in defendant to visit the child and take her out in St.
Louis, and this is true though it appears the divorce
was granted for his fault. It is true that the motion
for a modification of the decree sets forth no facts sug-
gesting unfitness of plaintiff, the mother, as a proper
person to retain custody of the little girl, but it does
reveal that she was about to remove it from the juris-
diction of the court here and into a foreign State.
Where the custody of children is awarded in divorce
proceedings, as was done in the instant case, the child
becomes the ward of the court, and the court thereby
assumes a position of guardianship with respect to its
person and future well-being. In this view, it is said
to be against the policy of the law to permit the child
to be removed into another jurisdiction and from with-
in the province of the court first awarding the custody,
unless the well-being and the future of the child would
be better subserved thereby.  [See Miner v. Miner,
11 Ill. 43, 51; Chase v. Chase, 70 Ill. App. 572; Camp-
bell v. Campbell, 37 Wis. 206, 221, 222, 223; Jennings
v. Jennings, 85 Mo. App. 290; Edwards v. Edwards,
84 Mo. App. 552.]

It appearing by the motion that the plaintiff, the
mother, was about to remove the child from within the
jurisdiction of the court, defendant was entitled to a
hearing thereon and should have been permitted to
show that the interests of the child would not be bet-
tered by the removal.

Although no one can doubt that the policy of the law forbids the removal of the child from within the jurisdiction of which it is a ward, the best interests and the future welfare of the ward should in every instance be weighed in the balance and determine the final order of the court touching its custody. While it is important to retain the child within the jurisdiction of the court, to the end of exercising its guardianship and power in making future orders for the custody, care and maintenance, it appears that the controlling thought influencing prior decisions on the subject makes for the welfare of the child, and a considerable discretion is allowed on this score. In other words, unless it appears the interests of the child would be best subserved by the removal, she should be retained here within the power of the court. [Jennings v. Jennings, 85 Mo. App. 290; Campbell v. Campbell, 37 Wis. 206, 221.]

The judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.