EDMUND M. BROWN, Appellant, v. SARAH E. BROWN, Respondent.

St. Louis Court of Appeals.    Opinion Filed April 4, 1922.

1. **DIVORCE:** Alimony Allowance: Decree Entered by Stipulation: Court Can Modify. Whilst an agreement between the parties for alimony and a division of their property will, in the absence of fraud or imposition, generally be adopted by the court, yet the embodying in the decree for divorce such provisions for alimony is just as much the judicial finding and judgment of the court as the granting of the divorce, and, under sections 1806 and 1812, Revised Statutes 1919, any order which provides for monthly alimony is subject to review, and from time to time, on proper motion filed in the original action, the court has full jurisdiction to make such alterations as to the allowance of such alimony and maintenance as the then circumstances and conditions in its judgment warrant.

2. **ALIMONY:** Increase of Monthly Allowance: Not Excessive. Where a wife was originally allowed $75 per month as alimony in accordance with a stipulation between the parties, at which time the husband was earning $4000 per year, an increase allowed the wife from $75 to $140 per month, when it was conceded that the husband was earning a salary of $500 per month and the cost of living had materially increased, was not excessive.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Benjamin J. Klene,* Judge.

AFFIRMED.

*Clarence T. Case, Victor J. Miller,* and *David W. Voyles* for appellant.

(1) A consent judgment is conclusive and not appealable. (2) A judgment of divorce and for alimony has all the incidents of a judgment in an action at law. Chapman v. Chapman, 269 Mo. 663; Hauck v. Hauck, 198 Mo. App. 381. (3) Where, in a judgment for divorce the judgment for alimony is recited to be

entered by consent of the parties pursuant to stipulation, the execution defendant, under all authorities, is barred thereafter from having said judgment set aside. Harris v. Harris, 82 Vt. 199; Knebler v. Knebler, 204 Ill. App. 256; Storey v. Storey, 125 Ill. 608; Linse v. Linse, 98 Minn. 243. (4) The Revised Statutes of Missouri 1919, section 1806, with regard to jurisdiction as to the subject of alimony, after the expiration of the term should be construed to intend that such jurisdiction shall be exercised, subject to the well-recognized and fundamental rules governing courts. The equitable principle of estoppel as applied to judgments by consent, is a rule of public policy that is not abrogated by said statute. See, generally, as to construction of this statute. Robinson v. Robinson, 268 Mo. 703; Gilsey v. Gilsey, 195 Mo. App. 407. (5) Even if the court had jurisdiction to modify the amount within the court's discretion, it would be an abuse of discretion in this case to increase the alimony approximately one hundred per cent (100%), when the increase of salary was approximately twenty-five per cent (25%), and no change in the status of the parties was shown to have taken place which could not reasonably have been in contemplation by them at the time the original stipulated judgment was entered. Said modified judgment is excessive under all the evidence.

*Bert F. Fenn* for respondent.

(1) The court that grants a divorce retains jurisdiction to change or modify the degree. Meyer v. Meyer, 91 App. 151; Wald v. Wald, 168 Mo. App. 377; Francis v. Francis, 192 App. 710; Nelson v. Nelson, 282 Mo. 412; Remmers v. Wolf's Estate, 206 App. 159. Secs. 1806, 1812, R. S. 1919. (2) The monthly alimony is subject to the future orders of the court, and subject to the changed conditions of the parties. Meyers v. Meyers, 91 Mo. App. 151; Wald v. Wald, 168 Mo. App. 377; Burn-

side v. Wand, 77 Mo. App. 382; Schmidt v. Schmidt, 26 Mo. 235; Scales v. Scales, 65 Mo. App. 292; Shannon v. Shannon, 97 Mo. App. 119; Cole v. Cole, 89 Mo. App. 228; Libby v. Libby, 166 Mo. App. 240; Phipps v. Phipps, 168 Mo. App. 697; Francis v. Francis, 192 Mo. App. 710; Robinson v. Robinson, 268 Mo. 703; Nelson v. Nelson, 282 Mo. 412; Hauck v. Hauck, 198 Mo. App. 381; 1 Bishop on Mar., Div. & Separation, sec. 822; Secs. 1812, 1906, R. S. 1919.

BECKER, J.—This is an appeal from an order modifying a decree of divorce entered in favor of the wife, in so far as the said decree relates to alimony.

The husband, plaintiff below and appellant here, instituted a suit for divorce. The wife filed an answer and cross-bill praying a divorce be granted her. Thereafter the parties entered into a stipulation that in the event, upon a hearing of the cause, a divorce be granted to the wife, "a judgment for alimony in the sum of $75 per month shall be entered against the plaintiff and in favor of the defendant, said $75 per month alimony to be paid on the first of each and every month thereafter in a lump sum, while the defendant remains single and unmarried. . . ."

The case came on for hearing on February 23, 1918, and plaintiff having in the meantime dismissed his cause of action for divorce, the court proceeded to hear the defendant on her cross-bill. At the conclusion of the case the court entered a decree of divorce in favor of the wife and in the decree provided for alimony as follows: "Thereupon, the parties hereto filed and submitted to the court a stipulation, upon consideration of and in accordance with the terms of which it is further ordered and adjudged and decreed" that the defendant recover, "as for her alimony, and until the further order of the court, the sum of $75 per month, so long as the defendant remains single and unmarried. . . ."

On October 16, 1918, the wife moved for a modification of the said decree as to alimony, said motion being

based upon several grounds, among them being that the allowance of $75 per month theretofore awarded her was not sufficient to maintain her according to her former station in life; that her former husband was now receiving a salary of $6000 per year whereas at the time the divorce decree was entered he was earning but $4000 per year, and that since the decree was entered the cost of living had materially increased.

When the wife's motion to modify the decree came on for hearing counsel for the husband objected to the introduction of any testimony in support thereof on the ground that the motion did not allege facts sufficient to give the court jurisdiction over the case since judgment for alimony was entered upon stipulation of the parties and was therefore a consent judgment. The court overruled this objection, heard the testimony and sustained the motion to modify the decree in so far as it required the payment by the husband to the wife of $75 per month, and ordered and directed the husband on and after March 1, 1919, to pay the wife the sum of $140 per month. In due course the husband appeals.

The sole question presented on this record is whether the circuit court, having granted a divorce and embodied in the decree, in conformity with a stipulation of the parties, an order directing the husband to pay the wife monthly alimony "until a further order of the court," has the power, upon a proper motion filed in the original cause, at a subsequent term, to modify the decree as to alimony. We unhesitatingly rule that the court has such jurisdiction.

It is specifically provided by section 1812, Revised Statutes of Mo. 1919 (formerly section 2381, Revised Statutes of Mo. 1909) that "no petition for review of any judgment for divorce, rendered in any case arising under this article, shall be allowed, any law or statute to the contrary notwithstanding, but there may be a review of any order or judgment touching the alimony and maintenance of the wife, and the care, custody and

maintenance of the children, or any of them, as in other cases (R. S. 1909, sec. 2381).''

And section 1806, Revised Statutes of Mo. 1919 (formerly sec. 2375, Revised Statutes of Mo. 1909) wherein it is provided that when a divorce shall be adjudged, the court shall make such order touching the alimony and the maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case shall be reasonable, specifically provides that ''the court, on application from either party, may make such alteration, from time to time as to the allowance of alimony and maintenance, as may be proper. . . . ''

This court has heretofore directly ruled that the judgment awarding alimony is in a manner an interlocutory judgment changeable at any time (Francis v. Francis, 192 Mo. App. 710, 179 S. W. 975) and that under the statute the court granting a divorce retains jurisdiction as to the modification of the judgment and decree touching the maintenance of the wife and the custody of the children, and that these matters may be brought to the attention of the court by motion in the original cause, as here, at a subsequent term. [Wald v. Wald, 168 Mo. App. 377, 151 S. W. 786.]

In Meyers v. Meyers, 91 Mo. App. 151, the record therein shows that ''the allowance of alimony, as entered in the decree of divorce, was made by the court in pursuance of an agreement touching the same made by the parties after the court had announced that it would grant a divorce to the wife and would award her the custody of the minor children, then five in number.'' Four years later the wife filed her motion for an increase of monthly alimony, to which motion the husband interposed the objection that the parties to the suit having agreed upon the provisions to be made for the wife upon granting her a divorce, and the court having adopted it, both parties were bound by their agreement, and that therefore the decree was not subject to change. The court, however,

ruled that "so far as the alimony, in gross, is concerned, consisting of an award of specific property to plaintiff, the judgment is final; but it is not final as to the stipendiary alimony of thirty dollars per month. Both by the judgment and by the statute (sec. 2926, R. S. 1899), the order for monthly alimony is left open subject to the further, that is, future, orders of the court and is subject to such modifications from time to time as the changed condition of the parties in the future might justify."

The stipulation of the parties in the instance case with reference to alimony was merely advisory. Whilst an agreement between the parties for alimony and a division of their property will, in the absence of fraud or imposition, generally be adopted by the court, yet the embodying in the decree for divorce such provision for alimony is just as much the judicial finding and judgment of the court, as the granting of the divorce, and under our statutes and our adjudicated cases, any order which provides for monthly alimony is subject to review and from time to time, on proper motion filed in the original action, the court has full jurisdiction to make such alterations as to the allowance of such alimony and maintenance as the then circumstances and conditions in its judgment warrant.

Nor are we persuaded that under the facts and circumstances as they appear in the record here, that the increase allowed the wife, namely, from $75 to $140 per month, when it is conceded that the husband is earning a salary of $500 per month, is excessive. We find no reversible error in the action of the trial court and its judgment is affirmed.

*Allen*, P. J., and *Daues*, J., concur.