ALMA HERBERT, APPELLANT, v. WYMAN C. HERBERT, RESPONDENT.*

St. Louis Court of Appeals. Opinion filed December 6, 1927.

*Corpus Juris-Cyc. References: Divorce, 19CJ, p. 173, n. 25 New; p. 186, n. 21; p. 247, n. 19.

*Jeffries, Simpson & Plummer* for appellant.

*Robert J. Kratky, Henry H. Spencer* and *Gilbert L. Whitley* for respondent.

202

DAUES, P. J.—This is an appeal from a decree of the circuit court of the city of St. Louis overruling a motion of appellant for an allowance of alimony. It appears that appellant, to whom we will refer as plaintiff, sued defendant for divorce on April 3, 1924. In her petition she did not ask for alimony but prayed for absolute divorce, concluding the petition however with the usual prayer that the court make such "further order and judgment .from time to time touching the premises as to the court may seem meet and just." A decree of absolute divorce was granted plaintiff at the October term, 1924, of said court. Nothing further was done until March 6, 1925, during the February term of said court, when plaintiff filed her motion for alimony, in which she alleged that she had lost her business position and had been compelled to take a less remunerative employment, and that certain of her property had lost its value. Due notice of this motion was given to the defendant, who failed to appear to answer same. The matter was then submitted to the court on plaintiff's evidence. The court took the matter under extended advisement and finally ruled that it had no jurisdiction to entertain a motion for alimony filed at a subsequent term where the petition neither prayed for nor the judgment in the divorce decree touched the issue of alimony. The correctness of that action is now challenged.

Plaintiff's counsel takes the position that the question of alimony, though not prayed for or decreed in an original divorce case is always open for adjudication. Defendant's counsel insists that where an absolute decree of divorce is granted upon a petition which does not pray for alimony, and the decree granting plaintiff an absolute divorce which is wholly silent as to the question of alimony both as to immediate award or as to the retention of jurisdiction of the court over that question precludes the granting of alimony on a motion filed long after the expiration of the term at which such decree of divorce was granted.

In appellant's brief this one point is made: That the circuit court granting a divorce retains jurisdiction for the purpose of

awarding alimony to the innocent and injured wife during the joint life of the parties, and cites the following statutes and authorities: R. S. Mo. 1919, sec. 1806; R. S. Mo. 1919, sec. 1812; State ex rel. Shoemaker v. Hall, 257 S. W. 1047; Laumeier v. Laumeier, 271 S. W. 481; Cole v. Cole, 89 Mo. App. 228; Wald v. Wald, 168 Mo. App. 377, 151 S. W. 786; Brown v. Brown, 209 Mo. App. 416, 239 S. W. 1093; Francis v. Francis, 192 Mo. App. 710, 179 S. W. 975.

Section 1806, Revised Statutes Missouri, 1919, does provide that the court on application of either party may make such alteration from time to time as to allowance of alimony and maintenance as may be proper, but that statute has never been construed, as far as we can learn, to hold that such modification or readjudication as to allowance of alimony may be made in a case of this kind. The cases all deal with a situation either where the alimony was granted to a wife in the original decree, or where the question of children was involved. The same situation is true with reference to the other section of the statutes above cited.

Now, a brief analysis of the cases submitted in appellant's brief:

In State ex rel. Shoemaker v. Hall, supra, the court held that the lower court retained jurisdiction after divorce as to all questions involving the custody and support of children.

Laumeier v. Laumeier, supra, interprets sections 1806 and 1812, Revised Statutes 1919, to mean that the trial court after divorce has jurisdiction to modify a divorce decree in respect to the maintenance of a child. Cole v. Cole, supra, is exactly similar to the Laumeier case.

Wald v. Wald, supra, first decides that the court may change its order regarding custody of children, and then holds that where there is a judgment for alimony in the original decree the court retains jurisdiction to modify it from time to time.

In Brown v. Brown, supra, there was a stipulation entered into between the parties as to alimony, and the court originally decreed the wife $75 a month as alimony in accordance with the stipulation. This court, through Judge BECKER, held that such decree was open to the court at a subsequent term for modification.

In Francis v. Francis, supra, again it was held that alimony as awarded in an original decree is subject to modification subsequently. This case is overruled, in part, in Nelson v. Nelson, 221 S. W. 1066, not affecting this question however.

These are all of the cases cited under "Points and Authorities" in appellant's brief, and we do not see that they throw any light on our question.

In the instant case, the record shows that there were no children from this marriage; no alimony was asked and none was given or denied. While this question does not seem to be decided, so far as

we can find in the Missouri decisions, the case of Robinson v. Robinson (Mo. Supp.), 186 S. W. 1032, does throw some light on the question. In that case there was a decree granting a divorce to the wife and also awarding her the custody of her son, but was silent as to what provision should be made for the child. The Supreme Court there held that since the decree provided for the custody of the child that the court could subsequently modify this decree and make provision for the support of the child from the husband to the wife. In discussing that question, the Supreme Court said that an alteration of a decree can only be made with respect to something that was then in existence, and proceeded upon the theory that the custody of the child having been given the mother, that that could be altered so as to make proper provision for such care.

In the instant case all the issues that could have been raised under the pleadings were determined, and under the present state of the record is final. Other jurisdictions have passed squarely upon the proposition and held that no power exists in a case of this kind to open up the question of alimony subsequently where there was no such issue made or determined in the original decree. [See: Howell v. Howell, 37 Pac. 770; O'Brien v. O'Brien, 62 Pac. 598; Bacigalup v. Bacigalup, 238 Pac. 93; Kelly v. Kelly, 147 N. E. 659; Spain v. Spain, 158 N. W. 529.] We might cite more cases from other jurisdictions to like effect. Many of them have statutes almost identical with ours, and they all hold that where there was no alimony prayed for in the original proceedings and the matter of alimony was not touched upon in the decree, that then such question was terminated at the end of the term at which the decree was rendered and that the court afterwards has no jurisdiction to entertain the wife's motion for alimony.

We conclude, therefore, that the lower court was correct in holding that it had no jurisdiction to make the order prayed for. The motion cannot be considered as an effective motion for new trial, nor as a petition for review independent of the theory above discussed. [State ex rel. Conant v. Trimble, 277 S. W. 916.] Judgment affirmed. *Becker* and *Nipper, JJ.,* concur.