AGNES A. PLUMMER *vs.* JAMES L. PLUMMER.

Cumberland.      Opinion, August 12, 1940.

*Jacob H. Berman,*
*Edward J. Berman,* for petitioner.
*Richard E. Harvey,*
*Frank P. Preti,* for respondent.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, WORSTER, JJ.

THAXTER, J. At the January Term, 1933, of the Superior Court for the County of Cumberland this petitioner, Agnes A. Plummer, obtained a divorce from this respondent, James L. Plummer. By the terms of the decree the care and custody of a minor child, Lewis L. Plummer, were given to the petitioner and the father was ordered to pay $10 per week for the support of the child. There was no award to the petitioner of any sum either for alimony or support and there is no claim that such omission was through fraud, accident, or mistake. The child attained his majority December 29, 1939. The husband, James L. Plummer, has remarried. February 2, 1940, the former wife filed a petition in the Superior Court for the County of Cumberland which alleges that conditions have altered and that she is in dire need of support. She prays that the court may alter or amend the decree of divorce entered in 1933 by ordering the husband to pay to her such sum of money as the court deems proper for her support or as alimony. The case is before us on report under a stipulation that if as a matter of law the petitioner may not sustain her petition the entry shall be "petition denied"; but that if as a matter of law the petitioner has the right to maintain her petition, the case is to be remanded to the Superior Court for a hearing on the merits.

Counsel profess to bring before this court the question whether the Superior Court may under the facts set forth amend or alter a decree of divorce by ordering the former husband to contribute to the former wife's support or to pay her alimony.

Strictly speaking this is not a petition to review and alter a decree relating to alimony. There was no decree entered on the subject. And as was said in *Henderson* v. *Henderson*, 64 Me., 419, 420, where a similar question was before the court: "What is there to be reviewed?" The general rule is that apart from statute the question of alimony cannot be raised after a decree of divorce is granted, if it was in issue at the hearing and was omitted from the decree without fraud or mistake. *Henderson* v. *Henderson*, supra; *Marshall* v. *Marshall*, 162 Md., 116, 159 A., 260; *Bassett* v. *Bassett*, 99 Wis., 344, 74 N. W., 780; *McClure* v. *McClure*, 4 Cal. (2d), 356, 49 P.,

2d, 584 ; 17 Am. Jur. 494. Furthermore statutes which authorize modifications of decrees as to alimony or support do not apply where no alimony is granted in the decree. *Howell* v. *Howell*, 104 Cal., 45, 37 P., 770 ; *Bassett* v. *Bassett*, supra ; *Cameron* v. *Cameron*, 31 S. D., 335, 140 N. W., 700 ; *Moross* v. *Moross*, 129 Mich., 27, 87 N. W., 1035 ; *Harner* v. *Harner*, 255 Mich., 515, 238 N. W., 264 ; *Herbert* v. *Herbert*, 221 Mo. App., 201, 299 S. W., 840 ; *Kelley* v. *Kelley*, 317 Ill., 104, 147 N. E., 659 ; Note 83 A. L. R., 1250. See also *Henderson* v. *Henderson*, supra.

There is a further reason why the petitioner cannot prevail. The sole power of our court over divorce is derived from statute. *Henderson* v. *Henderson*, supra ; *Stratton* v. *Stratton*, 73 Me., 481 ; *Jones* v. *Jones*, 136 Me., 238, 8 A., 2d., 141. Apart from the inherent right to annul a decree because of fraud, *Holmes* v. *Holmes*, 63 Me., 420 ; *Lord* v. *Lord*, 66 Me., 265, the court, unless possibly when it reserves the right to revise an award of alimony, has no power except as given by statute to alter a decree of divorce in any particular after the adjournment of the term of court at which it was entered. *Stratton* v. *Stratton*, supra.

The amendments to our statute, P. L. 1937, Chap. 7, P. L. 1939, Chap. 271, giving to the Superior Court the right at any time to "alter, amend or suspend a decree for alimony or specific sum when it appears that justice requires" are not applicable, even if otherwise relevant to the problem before us, for their provisions are not retroactive. *White* v. *Shalit*, 136 Me., 65, 1 A., 2d, 765. The provisions of R. S. 1930, Chap. 73, Sec. 11, therefore govern the rights of this petitioner. She does not bring herself within the statutory requirements in at least one particular. She must show that "justice has not been done through fraud, accident, mistake, or misfortune." There is no pretense that the decree in this case was obtained "through fraud, accident, mistake, or misfortune." The basis of her claim is that conditions have altered and that she is now in need of support. The statute applicable here does not provide for a review or modification of the decree under such circumstances.

*Case remanded to the Superior Court for an entry "petition denied."*