EWING v. TAYLOR, *Plaintiff in Error.*

1. **Administration**: JUDGMENT: LIMITATIONS. No judgment is too old to be allowed against the estate of a decedent until the time has elapsed since its rendition, which the law designates as the period when presumption of payment may be indulged. R. S. 1879, § 3251.

2 ———: PRESENTATION OF DEMANDS: NOTICE. In presenting a judgment for allowance against the estate of a decedent, the same notice is required as in the presentation of other demands.

*Error to Ralls Circuit Court.*—HON. JOHN T. REDD, Judge.

AFFIRMED.

*Waters & Winslow* with *Harrison & Christian* for plaintiff in error, cited in argument 2 Territorial Laws Mo., 104; *Rush v. Rush,* 19 Mo. 441; *Smith v. Rollins,* 25 Mo. 408; *Life Ins. Co. v. Clover,* 36 Mo. 392; 1 Wag. Stat., § 4, p. 790; Ib., § 11, p. 791; 2 Wag. Stat., § 31, p. 921; *Manning v. Hogan,* 26 Mo. 570; *Baker v. Stonebraker,* 36 Mo. 338; *Humphreys v. Lundy,* 37 Mo. 320; *Sublett v. Nelson,* 38 Mo. 487; *Stokes v. Sanborn,* 45 N. H. 274; *Pennington v. Gibson,* 16 How. 65; 1 Wag. Stat., § 8, p. 102; § 27, p. 105; §§ 15, 16, p. 104; §§ 13, 14, p. 103; *Kennerly v. Shepley,* 15

Mo. 640; *McKinney v. Davis*, 6 Mo. 501; *Carondelet v. Desnoyer,* 27 Mo. 36.

*W. H. Hatch* and *James Carr* for defendant in error, cited in argument 1 Wag. Stat., § 1 p. 101; 2 Wag. Stat., § 1, p. 1051; *Townsend v. Cox*, 45 Mo. 401; *Finley v. Caldwell*, 1 Mo. 512; *Manning v. Hogan,* 26 Mo. 570; *Humphreys v. Lundy*, 37 Mo. 320; *Sublett v. Nelson*, 38 Mo. 487; *Kerr's Admr. v. Wimer's Admr.*, 40 Mo. 544.

NORTON, J.—On August 19th, 1873, the judge of probate of Ralls county filed in the office of the clerk of the circuit court of said county, a transcript of the record of the probate court of said county in this cause, on an appeal from the judgment of said court, from which it appears that on June 10th, 1873, Martha A. V. Taylor, by her trustee, presented a petition to the said probate court asking that a certain judgment of the Ralls circuit court rendered March 27th, 1858, be classified against the estate of Thomas Taylor, deceased, in the fourth class of demands; that the parties appeared and submitted the matter to the court, and that the court decided against the demand. Said petition alleges that on March 27th, 1858, in an action for divorce between Martha A. V. Taylor and Thomas Taylor, the deceased, then pending, the circuit court of Ralls county adjudged, among other things, that Thomas Taylor should, on June 1st, 1858, and on the same day in each year thereafter, until further ordered, pay to Henry C. Wellman, as trustee for said Martha, $80 for the support of an infant child, the issue of the marriage thereby annulled; that Taylor paid the amount regularly up to June 1st, 1863, and thereafter failed and refused to make any further payments; that he died intestate in 1872, and Eliza A. Taylor and Alonzo Taylor became his administrators: that said judgment had not been modified, and that the infant child had remained with and been maintained by said Martha ever since the divorce. It was asked that the

judgment be classified. From the judgment of the probate court refusing to classify said demand, an appeal was granted and perfected to the Ralls circuit court.

On March 15th, 1875, the cause having been continued at the previous terms, the parties appeared, and upon the suggestion of the death of the former trustee, William H. Ewing was substituted, and entered his appearance and accepted the trust. The death of Alonzo Taylor was also suggested, and the suit abated as to him. The case was submitted to the court by consent, August 28th, 1875, and upon a hearing judgment was rendered against the estate for $1030.20, and the clerk was ordered to certify the judgment to the probate court for classification, from which defendant has appealed to this court.

On the trial plaintiff read in evidence the decree mentioned in the petition. The only part of it which has any relevancy to the point presented for our consideration, is as follows: "And it is further decreed by the court, by consent of the parties hereto, that the defendant, on the 1st day of June, 1858, and on the same day of each year thereafter, until further ordered, pay to Henry C. Wellman, Esq., the sum of $80, to be by him paid, when so received, to plaintiff, for the support of the infant child, the issue of said marriage, and upon said child arriving at age, that he pay to said child the sum of $1,000; and that plaintiff have execution to enforce the orders herein." It was admitted that no payment had been made under the decree since June 1st, 1863, and the mother of Richard Taylor, the infant child referred to in the petition, testified that he would be eighteen years old in October, 1875.

It is not necessary to notice the other evidence introduced in the case, inasmuch as it has no bearing on the question presented for our determination, which is, whether the court acted properly in refusing to give the following instruction asked by defendant, viz: "It appearing to the court from the record read in evidence, that the judgment sought to be classified

1. ADMINISTRATION: judgment; limitations.

in the Ralls county probate court as a demand against the estate of Thomas Taylor, was rendered more than ten years previous to its presentation for classification in and by said probate court, and that the same had not been revived within ten years after the rendition of said judgment; that the same could not be classified by said court as a demand against said Taylor's estate, and the finding and judgment must be for defendant." It is insisted by counsel in support of the refused instruction that, as no execution can be issued under the law upon a judgment after the lapse of ten years, it, therefore, becomes dormant and ceases to be a judgment in the sense in which that word is used in Wagner's Statute, section 1, page 101. We think this is an erroneous view, and that the allowance and classification of a judgment against the estate of a decedent rendered in the life-time of the decedent, is not dependent either on the fact that no execution can issue on it, or that it is not a lien on the real estate of the deceased. *Kerr's Admr. v. Wimer's Admr.*, 40 Mo. 544. A judgment rendered in the life-time of a decedent, whenever it is referred to in the statute providing for the allowance of claims against estates, is treated as a demand like any other debt which decedent may have contracted and is to be proceeded on, exhibited for allowance and classification as all other demands. When a demand against an estate is allowed, the class to which it is to be assigned is to be determined by the character of the demand. If it grows out of funeral expenses incurred, it belongs to the first class; if for expenses of last sickness, &c., to the second; if for debts due the State, &c., to the third, and if founded on a judgment, to the fourth class.

Classification of demands against an estate follows allowance of them. In other words, the amount of a demand, whether it is based on a note or account or judgment rendered against the decedent in his life-time, must first be ascertained and allowed before such demand can be classified. The only difference between a demand founded on

a note or account and a judgment is, that the judgment, if valid, is conclusive as to the amount that was due at the time it was rendered, and the defense of the administrator is limited to proof of payment or satisfaction subsequent to its rendition, except in a case where the judgment has been rendered twenty years prior to its presentation for allowance and classification, when the law would presume it has been paid and satisfied. Until the time has elapsed since the rendition of a judgment, which the law designates as the period when the presumption of payment may be indulged, such judgment may be enforced either against the judgment debtor by execution, if issued within ten years after its rendition, and after that time by suit founded on the judgment if brought within twenty years after its rendition, or in the event of the death of the judgment debtor, by exhibiting it as a demand against his estate for allowance and classification within twenty years of its rendition. If suit had been brought against decedent in his life-time upon the judgment in question, he could not have defeated a recovery by simply showing that ten years had elapsed since its rendition, and that, therefore, no execution could issue on it, and such defense is equally unavailable by his administrator when such judgment is made the basis of a demand presented for allowance and classification against the estate.

Holding in this case, as was held in the case of *Ryan v. Mundy*, 14 Mo. 458, that in presenting a judgment for 2.——: presentation of demands: notice. allowance against an estate the same notice is required as on the presentation of other demands, the opinion in the case of *Gibson v. Vaughan's Admr.*, 61 Mo. 418, in so far as it intimates that notice in such cases is not required, is overruled. Judgment affirmed with the concurrence of the other judges.