DREYER, Executor, Appellant, v. DICKMAN et al.,
Respondents.

**St. Louis Court of Appeals, May 26, 1908.**

1. **REPLEVIN: Weight of Evidence.** In an action by an executor
against a sheriff for the recovery of specific personal property
which had been levied upon by the sheriff under an execution
against the executor in his individual capacity, the evidence
is examined and held sufficient to show the plaintiff was en-
titled to recover the property and that a verdict for the defend-
ant should not be allowed to stand.

2. **JUDGMENTS: Alimony: Continuing Judgment.** A judgment
for permanent alimony to be paid in continuous monthly in-
stallments was subject to the same incidents as any other judg-
ment and therefore execution could not be issued upon it after
the expiration of ten years from its rendition, where the judg-
ment did not require the defendant to give security for the
alimony nor provide any other method for its collection ex-
cept the issuance of an execution.

3. **REPLEVIN: Strength of Plaintiff's Own Title.** Where an ex-
ecutor brought an action of replevin for property which he
claimed as such, against the sheriff who had levied upon it
as his individual property, and the evidence showed that the
property had been bought with the money of the plaintiff's
testatrix and was in her possession when she died, and the
defendant made no showing of a right to hold it under the
execution, the right of the plaintiff to recover could not be de-
feated on the ground that he had not made out a case on the
strength of his own title.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse
A. McDonald,* Judge.

REVERSED.

*Barclay & Fauntleroy* for appellant.

The judgment was rendered on the 28th day of
May, 1894, and the execution was issued on the 30th day
of November, 1904, more than ten years and six months
after the rendition of the judgment, without any notice
to the plaintiff, Rudolph H. Dreyer. The refusal of in-

structions five and six presenting this issue to the jury asked by the plaintiff was manifest error. R. S. 1899, sec. 2926; Biffle v. Bullam, 114 Mo. 53; R. S. 1899, sec. 4505; Jarboe v. Jarboe, 106 Mo. App. 464; R. S. 1899, sec. 3722; Mullen v. Hewitt, 103 Mo. 639; Mellier v. Bartlett, 106 Mo. 381; George v. Middaugh, 62 Mo. 551; Hockaday v. Lawler, 17 Mo. App. 638; Rollins v. McIntyre, 87 Mo. 507; Burton v. Deleplain, 25 Mo. App. 376; Goddard v. Delaney, 181 Mo. 571; Martin v. Martin, 4 Cush. 518; 1 Freeman on Execution, sec. 82, p. 183.

*James L. Hopkins* and *Alfred A. Eicks* for respondents.

(1) "Plaintiff must recover, if at all, on the strength of his own title." Com. Co. v. Hunter, 91 Mo. App. 438; Grocer Co. v. Shackelford, 65 Mo. App. 364; Kennedy v. Dodson, 44 Mo. App. 550. (2) "Plaintiff cannot recover on the weakness of his adversary's title." Moore v. Carr, 65 Mo. App. 64. (3) "In the absence of all evidence as to title in either party, possession of the property by one of them affords a prima-facie presumption of title in him." Westbay v. Milligan & Sons, 89 Mo. App. 297; Lawson, Presumptive Evid. (2 Ed.), p. 492. (4) The question of the validity of the execution can not be inquired into in this case. Even if defendants had "no title—yet, plaintiff can not recover on the weakness of his adversary's title; he must prevail, if at all, by the strength of his own title." Bank v. Snyder, 85 Mo. App. 86.

GOODE, J.—This is an action of replevin instituted by the appellant as executor and trustee of the estate of Annie St. Gemme Dreyer, deceased, under her last will. By a residuary clause of said will the deceased devised and bequeathed to appellant her real and personal property not previously disposed of, to have and hold in trust for the benefit of Susan Elizabeth

St. James, mother of the deceased, and Samuel Talbot Jones and Felix Sargent Jones, sons of the deceased. The will gave appellant full power to invest the property for the benefit of the named beneficiaries and pay them the income and proceeds for their support and maintenance. Power to sell said property for the purpose of changing the investment was also given to appellant, and it was provided that in case of the death of any of the beneficiaries, the property should be held for the benefit of the survivors. This will was executed November 10, 1904, and the testatrix died the 22d of the same month. The will was duly admitted to probate, letters testamentary were issued to appellant, and he entered on the discharge of his duties and was in possession of the property in controversy under the will, at the time it was levied on by respondent Joseph F. Dickmann, as sheriff of the city of St. Louis. This levy occurred under and by virtue of an execution issued on a certain judgment in favor of respondent Ada G. Dreyer and against appellant Rudolph H. Dreyer. When appellant married Annie St. Gemme Dreyer, he was a widower and she was a widow, and the two sons named as beneficiaries in her will were her children by a former husband. The respondent Ada G. Dreyer was the former wife of appellant. She obtained a decree of divorce from him May 26, 1894, and a judgment for permanent alimony at the rate of $60 a month, the first payment to be made on June 25, 1894, and the other installments to follow thereafter on the 25th day of each succeeding month. This alimony was not paid by appellant and when the execution involved in the present controversy was issued, it had accumulated to the amount of $8,864.80. The date of the execution was November 30, 1904. It was levied on the property involved in the present action, which consisted of book cases, books, rugs, chairs, pictures, tables, dishes and other household furniture. Though said property was

bequeathed by Annie St. Gemme Dreyer to appellant as trustee for the benefit of her mother and sons, it is contended by respondent that in truth it was the property of appellant Rudolph H. Dreyer, or had been purchased with his money and put in his second wife's name in order to prevent it from being levied on for the judgment for alimony in favor of his first wife. All the evidence shows the property belonged to Annie St. Gemme Dreyer and was purchased with her own means, either earned by her as a stenographer or inherited. This was the testimony of her mother, one of her sons and appellant. It was shown that Annie St. Gemme Dreyer had accumulated several thousand dollars in money from her earnings and an inheritance, which money was kept well invested and yielded a good income. It was further shown that she paid for practically all the property in controversy by checks drawn on her own bank account, and that, in company with her husband, she purchased most of the articles at different stores in the city of St. Louis. The bills for the goods and the checks by which she paid for them, were introduced in evidence. The only evidence relied on to overcome this proof was that in some instances the bills for household furniture were made out in the name of appellant Rudolph Dreyer, with the word "Mr." before it, and afterwards that word was changed to "Mrs." But the testimony tends to prove it was customary in those furniture establishments to make out bills in the name of the husband whether he or his wife made the purchase, and that the word "Mr." was altered to "Mrs." pursuant to the direction. of Annie St. Gemme Dreyer. A patient study of the record has convinced us there is hardly evidence to raise a doubt that appellant was entitled to recover this property and in no event could we permit the verdict to stand. This being true, we must determine whether a retrial should be ordered. It seems the burden of proof is on the ap-

pellant, and as much of his evidence was oral, its weight was for the jury. Nevertheless the verdict was so contrary to the evidence that it must have been dictated by prejudice or sympathy.

It will be observed the judgment for alimony in favor of Ada G. Dreyer, was dated May 26, 1894, and the execution based on said judgment and levied on the property was not issued until November 30, 1904, or more than ten years after the date of the judgment, which, meanwhile, had not been revived. For this reason appellant contends the judgment would not support the execution and that the sheriff had no right to take the property or the two respondents to hold it as against the claim of appellant as trustee and executor. The court below rejected this proposition for the reason that the judgment was for alimony from month to month, and, therefore, was of a continuous nature, and excepted from the statute which limits the issuance of an execution on a judgment to ten years from the date of the judgment. [R. S. 1899, sec. 3722.] The statute governing the allowance of alimony permits it to be decreed in gross or from year to year. If alimony is decreed from year to year, the statute says it shall not be a lien on the realty of the husband, but that an execution in the hands of a proper officer shall be a lien on his real or personal property, so long as the execution remains lawfuly in the possession of the officer unsatisfied. It is further provided that in lieu of the lien of the decree, the party against whom the decree is rendered may be required to give security ample and sufficient for the payment of the alimony, and that if default is made in giving such security, the decree shall be a lien, as in the case of a general judgment. It is further provided that if there is a default of the husband and his sureties, if any there be, to pay or provide the alimony, the judgment may be enforced by the sequestration of prop-

erty, or by such other lawful means as is the practice of the court. Those, in the main, are the statutory provisions relating to permanent alimony, decreed to be paid in installments. [R. S. 1899, sec. 2926.] The judgment in the present case neither required Dreyer to give security for the alimony, nor provided any other method for its collection, except the issuance of an execution. Therefore, the question for decision is whether or not an execution could issue more than ten years after the date of the judgment. A judgment for permanent alimony is supposed to stand for the support of the wife during the lifetime of both parties, unless it is otherwise provided in the decree or by subsequent modification. Nevertheless, such a judgment must be subject to the incidents of other judgments, except in so far as the statutes otherwise provide by expression or implication. Certain remedies to enforce payment of alimony, such as requiring the husband to give security for its payment, are allowed by the statutes, and these remedies do not obtain in the case of ordinary judgments. But there is no statute which takes a judgment for alimony from year to year out of the statute confining the issuance of executions on judgments to ten years from their date. An ample remedy is provided in favor of the wife, by a revival of her judgment by *scire facias* before ten years have elapsed and from one ten year period to another. That there may be successive revivals to keep a judgment alive so that an execution will issue on it after it has run more than ten years, was decided by the Supreme Court in Goddard v. Delaney, 181 Mo. 564, 80 S. W. 886. It is true a judgment like this one is of a continuing character; but we see no reason why it is not essential to revive it in order that it may be enforced by execution after ten years, just as in the case of other judgments. We have found no decision directly in point; but that judgments for alimony are attended with the incidents

of other judgments, except so far as modified by statute, was remarked by the Supreme Court in Biffle v. Pullam, 114 Mo. 50, 53, 21 S. W. 450.

It is argued that as the jury found respondents were entitled to possession of the property and appellant was not, it is immaterial that the execution was invalid, as appellant must recover on the strength of his own title. We can not concede this proposition. Appellant at the time of the levy was rightly in possession of the property under the will of the testatrix, and when she died she was in possession of it, claiming it as her own. Respondents have no sort of right to it as against appellant, unless it was subject to levy for the judgment against him, and said judgment would support a valid execution.

The judgment is reversed. All concur.