HATTIE HAUCK, Appellant, v. JULIUS HAUCK, Respondent.

St. Louis Court of Appeals.    Argued and Submitted January 7, 1918. Opinion Filed February 5, 1918.

1. **JUDGMENTS: Revival: Divorce: Alimony and Maintenance: Modification: Security.** Rev. St. 1909, section 2375, provides that where a divorce shall be adjudged, the court shall make such order touching alimony and maintenance of the wife and the children as shall be reasonable, and, when the wife is plaintiff, may order defendant to give security for such alimony and maintenance, and that on neglect to give such security the court may award execution, and that on the application of either party the court may make such alteration from time to time as to alimony and maintenance as may be proper. *Held,* that where a judgment granting alimony and an allowance for the maintenance of a minor child made no provision for security, and the wife, after issuing an execution which was returned unsatisfied, and instituting a proceeding by garnishment, which ended without anything being collected, took no further action for over ten years, and did not have the judgment revived from time to time, the judgment was dead, and the court could not thereafter require such security.

2. ———: ———: ———: ———: **Limitation.** A judgment for permanent alimony in a divorce case is subject to the same incidents as judgments in other actions at law, and when not revived, no execution can be issued upon it after the expiration of ten years from its rendition.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. James E. Withrow,* Judge.

AFFIRMED.

*Thos. H. Sprinkle* for appellant.

(1) The judgment being for alimony gave the court a continuing jurisdiction and control over the parties and subject-matter of alimony and the court should have sustained plaintiff's motion to require security, which was omitted in the decree. Schmidt v. Schmidt, 26 Mo. 236; Burnside v. Wand, 77 Mo. App. 390; Francis v. Francis, 192 Mo. App. 710; Sec. 2375, R. S. 1909; Coughlin v. Ehlert, 39 Mo. 286; Cole v. Cole, 89 Mo. App. 228. (2) All that portion of the decree which relates to the subject of alimony is subject to the future control of the court. Dreyer v. Dickman, 131 Mo. 660; Schmidt v. Schmidt, 26 Mo. 236. (3) The judgment establishes the fact of the ability of the defendant to pay and the burden is on defendant to show his poverty. 14 Cyc., p. 801, N. 56; Staples v. Staples, 24 L. R. A. 435; 437; Hurd v. Hurd, 63 Minn. 443, 446; Wright v. Wright, 74 Wis. 443; 2 Bishop on Marriage, Divorce and Separation, secs. 892, 893; Lester v. Lester, 63 Ga. 356; Holtman v. Holtman, 6 Misc. (N. Y.) 266; Ryer v. Ryer, 67 How. Pr. 369.

*Buder & Buder* and *Eugene Buder* for respondent.

(1) Allegations of fact in a motion are no proof thereof. The burden of proof upon the hearing of a motion rests with the moving party. State v. Craft, 164 Mo. 631, 649-50; 28 Cyc. 15, note 24; Shearman v. Hart, 14 Abb. Pr. (N. Y.) 358; Staples v. Staples, 24 L. R. A. 435, note 4. (2) A suit for divorce and alimony is an action at law. Chapman v. Chapman, 269 Mo. 663; Dreyer v. Dickman, 131 Mo. App. 660. (3) The ten-year Statute of Limitations applies to judgments for alimony as in case of other judgments. Relief is not given to those who sleep on their rights. Sec. 1912,

R. S. 1909; Dreyer v. Dickman, 131 Mo. App. 660; Bispham, Principles of Equity (6 Ed.), secs. 38 and 39; Davidson v. Mayhew, 169 Mo. 258; Thompson v. Lindsay, 242 Mo. 53; Burrus v. Cook, 215 Mo. 496. (4) Under Sec. 2375, R. S. 1909, it is discretionary with the court whether or not it will alter a judgment for alimony, at a subsequent term of court. Francis v. Francis, 192 Mo. App. 710, 728-9.

REYNOLDS, P. J.—It appears that by judgment of date July 1, 1903, in an action for divorce, in which appellant here was plaintiff, and respondent defendant, appellant was divorced from respondent, awarded the custody of their minor son, then, as we gather, about seven years of age, and allowed $15 a month, payable monthly, for the maintenance of the boy. It also appears that an execution was issued on that judgment and a *nulla bona* return made on it by the sheriff on October 2, 1903, and a proceeding by garnishment sued out, to which the garnishee made answer December 14, 1903, denying any indebtedness, and no denial being interposed, that proceeding ended. This appears to have been the last step taken in the case until on February 26, 1915, the appellant (plaintiff in the divorce action) filed in the circuit court of the city of St. Louis a motion entitled in the cause, asking the court to require defendant therein—now respondent— "to give security, ample and sufficient, for the payment to her of the alimony adjudged to her in said cause, at the rate of $15 per month, payable on the first day of July, 1903, and a like sum payable to her on the first day of each month thereafter, for the maintenance of their minor male child, the care, custody and control of which said child, was therein adjudged to plaintiff." The motion further avers that no part of the above "alimony" has been paid, although payment has been demanded, and sets out the issue of an execution and its delivery to the sheriff of the city of St. Louis, the sheriff's return to the same unsatified and the garnishment proceeding all as before mentioned. The motion

coming on for hearing before the court, plaintiff introduced the judgment, execution, return and proceedings in garnishment. She also testified that she had supported the child; had received nothing from defendant; had no means of her own; that her former husband is a doctor and had married again in September or October, 1904, and that the son now, in 1915, then apparently about 19 years of age, earned $37 a month. Other of plaintiff's witnesses testified that defendant claimed to be in good practice and plaintiff's mother testified that she had contributed to the support of plaintiff. A letter from a brother of defendant, to plaintiff, offering to make a compromise if plaintiff would accept $50 from him (the brother) and enter satisfaction of all claims against the defendant, was offered in evidence. The court excluded this, and at the conclusion of the hearing, denied the motion. From this plaintiff has appealed.

It is true that section 2375, Revised Statutes 1909, provides that where a divorce shall be adjudged the court shall make such order touching the alimony and maintenance of the wife and the custody and maintenance of the children as from the circumstances of the parties and the nature of the case shall be reasonable, "and when the wife is plaintiff, may order the defendant to give security for such alimony and maintenance." That same section further provides that upon neglect to give such security, the court may award execution, etc., and that the court, on the application of either party, may make "such alteration, from time to time as to the allowance of alimony and maintenance, as may be proper."

Section 2381, among other things provides that there may be a review of any order or judgment touching the alimony and maintenance of the wife and the care, custody and maintenance of the children.

In Burnside v. Wand, 77 Mo. App. 382, our court held that an order to give security for the payment of alimony and maintenance might be entered by the circuit court on a proper showing, after the entry of the original judgment granting a divorce and allowing ali-

mony, but which judgment did not require security for payment of alimony or maintenance. While it is not necessary now to pass on the correctness of that holding, under its facts then present that decision has no application to the crucial point in the case at bar, the order to give security for the payment of the alimony having been there entered within a year after the original order granting the decree of divorce. Whether the security required in that case covered past due payments, that is payments that had accrued between the rendition of the decree and the filing and sustaining of the motion for security, does not appear. At any rate, there is no question but that the judgment decreeing alimony and maintenance and making a monthly allowance then before our court, was a live judgment at the time the order to give security was entered. In the case at bar, however, the application for the order to give security was made about eleven years and seven months after the rendition of the decree of divorce and allowance for the support and maintenance of the child.

Our court, on full consideration, held in Dreyer v. Dickman, 131 Mo. App. 660, 111 S. W. 616, that a judgment for permanent alimony to be paid in continuous monthly installments was subject to the same incidents as any other judgment, and that an execution could not be issued upon it after the expiration of ten years from its rendition, the original judgment not requiring defendant to give security for the alimony nor providing any other method for its collection except the issuance of an execution. We accepted that as a correct ruling in Francis v. Francis, 192 Mo. App. 710, l. c. 719, 179 S. W. 975, and are not aware of any decision by any of our courts in which it has been challenged.

In Biffle v. Pullam, 114 Mo. 50, 21 S. W. 450, our Supreme Court held that judgments for alimony in divorce proceedings were subject to the same incidents as judgments in other actions at law, and an

action for divorce is an action at law.    [Chapman v. Chapman, 269 Mo. 663, 192 S. W. 448.]

Applying these principles to the case at bar, it follows that when the motion was made here, to compel the defendant in the divorce action to give security for the payment of the amount allowed for the maintenance of the son, the judgment was dead, more than ten years having expired from the date of its rendition. No execution could now be issued on it and it follows that no order could now be made requiring security for its payment for such an order can only apply to a live judgment.

It is further to be said that in the case before us there is no showing whatever of the ability of defendant here to give the security. Furthermore, after having an execution issued on this judgment in 1903, the year in which the judgment was rendered, plaintiff took no steps whatever towards its enforcement. Nor did she have it revived from time to time, as she could have done, and so preserved it alive as a judgment, as see Dreyer v. Dickman, supra.

It follows that the action of the trial court in overruling the motion in this case was correct and is affirmed. *Allen* and *Becker, JJ.,* concur.