EVA E. REMMERS, formerly EVA E. WOLF, Appellant, v. ESTATE OF CHARLES A. WOLF, deceased, Respondent.

St. Louis Court of Appeals. Reargued and Resubmitted October 11, 1920. Opinion Filed December 7. 1920.

1. LIMITATION OF ACTIONS: Claim Against Estate for Unpaid Alimony: Judgment Rendered in 1894: Twenty Year Statute Applicable: Claim Barred. Where by a decree of divorce rendered in 1894, plaintiff was awarded the care, custody and control of a minor child, and a judgment for alimony payable in monthly installments for the support of the child, and none of the installments were paid, and in 1915 plaintiff filed a demand based on such judgment against the estate of the defendant, *held* that this is an action to which the ten-years statute (Laws 1895, p. 221, Revised Statutes 1909, section 1912 ) does not apply, the judgment having been rendered prior to 1895, and under that statute would be barred in the year 1905; but that section 6796, Revised Statutes 1889 (twenty-years limitation) does apply, and as the evidence failed to show any payment within twenty years before the claim was presented in 1915, the action was barred.

2. JUDGMENTS: Alimony: In Gross or in Installments: Become Dormant After Lapse of Statutory Period Unless Revived. A judg-

ment for alimony, whether in gross, from month to month, or from year to year, is a debt of record as much as any other judgment for money; and a wife is a judgment creditor and as such is entitled to avail herself of all the remedies given to judgment creditors, and such judgment is a judgment in an action at law, secured by statutory liens, enforceable by execution, and becomes dormant after the lapse of the statutory period unless revived; in fact it is subject to the same incidents as judgments in other actions at law.

3. **APPELLATE PRACTICE:** Objection to Evidence: Exceptions not Saved: Not Reviewable. Where the trial court sustained an objection to the introduction of testimony and counsel then offered what he expected to prove by the witness, and when the objection was overruled he did not save his exceptions, the action of the trial court is not before the appellate court for review.

Appeal from the Circuit Court of St. Louis County.— *Hon. John W. McElhinney,* Judge.

AFFIRMED.

*Taylor R. Young, A. E. L. Gardner, D. C. Taylor* and *T. T. Hinde* for appellant.

(1) So far as the case is controlled by the Statute of Limitations, section 6796 of the Revised Statutes of 1889 applies, and not section 1912 of the 1909 revision of the statute. McFaul v. Haley, 166 Mo. 56, 63. (2) Section 6796 of the 1889 revision of our statute is but a statutory recognition of the common law that after a lapse of twenty years from the rendition of a judgment satisfaction is presumed in the absence of a payment or an acknowledgment of its validity within the twenty years. Goddard to use v. Delaney, 181 Mo. 564, 574; 20 Amer. & Eng. Ency. of Law (2 Ed.), p. 866 (3) At common law if execution did not issue within a year and a day from the rendition of a personal judgment, it could not issue thereafter. After that period the judgment was dormant, but nevertheless plaintiff could sue on the judgment and obtain a new one. Hence the loss of the right to issue execution is not the test of

the life of the judgment, since it may yet remain a good cause of action. Thus the judgment constituted a valid claim in the probate court, although it would not support an execution issued thereon from the circuit court, and could not be revived. Ewing v. Taylor, 70 Mo. 394, 397; McFaul v. Haley, 166 Mo. 56, 64; Goddard to use v. Delaney, 181 Mo. 564, 571, 573; 23 Cyc, pp. 1502-3; 11 Ency. Pleading and Practice 1089, and cases cited.  (4) When a judgment is rendered payable in installments, the Statute of Limitations begins to run against it from the time fixed for the payment of each installment for the part then payable, and not from the date of rendition.   23 Cyc, 1510; DeUprey v. DeUprey, 23 Colo. 352; Field v. Loveridge, 114 Mich. 220; Dewey v. Dewey, 151 Mich. 586; Arrington v. Arrington, 127 N. C. 190.  (5) Since, then, each monthly installment might have been sued on as it fell due, each constituted a separate cause of action, and the general rule is that when a debt is due in installments the Statute of Limitations will begin to run on each installment from the day it fell due, and a judgment indebtedness is no exception to the rule.  Stark Bros. Co. v. Gooding, 175 Mo. App. 353, 354.  (6) The judgment or decree in the divorce case constituted a contract between appellant and her now deceased husband, and thereby he contracted to pay her for the support of their minor child in monthly installments of $10 each, beginning May 1, 1894.  Montgomery Light & Water Power Co. v. Montgomery Traction Co., 219 Fed Rep. 963, 972.

*Sale & Frey,* and *Greensfelder & Levi* for respondent.

(1) The claim as presented both in the probate and circuit courts does not state facts sufficient to constitute a cause of action.  It does not appear from the face of said claim or petition what court rendered the judgment which is the basis of the claim, when it was rendered, or where it was rendered.  Secs. 194 and 203, R. S. 1909; Section 6796, R. S. 1889; Ewing v. Taylor, 70

Mo. 394. (2) The judgment on which this action is based was rendered April 30, 1894. The claim was presented to the administratrix on February 11, 1915. The affidavit to the claim expressly stated "that no portion or any of said installments of alimony mentioned in the decree hereto attached has ever been paid." Said judgment is therefore conclusively presumed to have been paid in full. Sec. 6796, R. S. 1889; Dreyer v. Dickman, 131 Mo. App. 660; Ewing v. Taylor, 70 Mo. 394; Cobb v. Houston, 117 Mo. App. 645; Manning v. Hogan, 26 Mo. 574. The attempt of plaintiff to cure this fatal defect by setting up in the reply that something had been paid on account was futile, because plaintiff cannot make out her case by way of a reply, and moreover this statement contradicts the affidavit which was jurisdictional. Sec. 201, R. S. 1909; Petty v. Tucker, 166 Mo. App. 98; McMahill v. Jenkins, 69 Mo. App. 279; 281. The trial court sitting as a jury found "the evidence fails to show any payment within twenty years before the claim was presented in April—May, 1915." This finding is conclusive on the appellant. Heynbrock v. Harmann, 256 Mo. 21; Cement Co. v. Clore, 170 Mo. App. 675; Hanenpratt v. Brougham, 164 Mo. App. 110. There is no difference in the application of sec. 6796, R. S. 1h89,to a judgment for alimony payable in installments and one for a lump sum. Dryer v. Dickman, 131 Mo. App. 660; Houck v. Houck, 198 Mo. App. 381; Biffle v. Pullain, 114 Mo. 50; Frances v. Frances, 192 Mo. App. 710 (3) There is a difference between a dormant judgment but after twenty years, a judgment rendered prior to 1895, is conclusively presumed to have been paid. It is dead and not dormant and no action can be founded thereon unless payments had been made within said twenty year period or written acknowledgment of indebtedness made within said time or said judgment is kept alive by *scire facias* or a new judgment rendered thereon. None of these conditions prevail in this case at bar. Hence the judgment cannot form the basis for a claim. Sec. 6796, R. S. 1889; Ewing v. Taylor, 70 Mo.

394; Dreyer v. Dickman, 131 Mo. App. 660; Cobb v. Houston, 117 Mo. App. 645; Manning v. Hogan, 26 Mo. 574; Kansas City v. Field, 194 S. W. 39. (4) The plaintiff has misconceived her remedy. Mr. Remmers should have presented a claim against the estate from the time he began the boy's support in 1903, until the boy became self-supporting in 1909. Lukowski v. Lukowski, 109 Mo. App. 204; McClosky v. McClosky, 93 Mo. App. 393; Rankin v. 362. The lack of fairness of plaintiff's position is manifested by the claim that is being presented. A claim is made for the support of the boy during the entire period regardless of the fact that the boy has been self-supporting, and at the time of the presentation of the claim was twenty-three years of age. This illustrates the justice of the rule that remarriage of a woman should bar her right to alimony as such. If her new husband supports the child, he may make a claim at common la⌐ for its support. See cases cited under first section of this point: Gordon v. Baker, 182 Ill. App. 587; Brandt v. Brandt, 40 Ore. 486; Bowman v. Worthington, 24 Ark. 522. (5) Appellant's assignment of errors complains of the exclusion of evidence and the ruling of the trial court in disqualifying the plaintiff as a witness. No mention of this is made in appellant's point or argument. The ruling of the trial court was correct in both respects. Sec. 6354, R. S. 1909; 4 Blue Book on Evidence, sec. 773, p. 627; Lieber v. Lieber, 239 Mo. 1; Forrister v. Sullivan, 231 Mo. 345, 378; Bishop v. Brittain Trust Co., 229 Mo. 699.

REYNOLDS, P. J.—On April 30, 1894, plaintiff here, under her then married name of Eva E. Wolf, obtained a decree of divorce from her then husband, Charles A. Wolf, in the circuit court of the city of St. Louis. By the decree plaintiff was awarded the care, custody and control of the child born of the marriage, then apparently eighteen months or two years old. Plaintiff subsequently married one Remmers and her former husband (Wolf) also remarried. Filing a notice of her intention to present the demand against the estate of her deceased hus-

band, Charles A. Wolf, in the Probate Court of St. Louis County, the notice saying that on the first day of the May, 1915, term of the court, she would present the claim to the court, it was heard during the May, 1915, term thereof and disallowed. The account as filed with the probate court as stating the amount due under the divorce judgment is as follows:

"For the term beginning May 1, 1894, to and including February 5, 1905, ............... $1725.25
For the period commencing February 5, 1905, and ending on the 5th day of February, 1915, $1562.00
Total, ............ $3287.25."

The usual affidavit was filed to this claim, setting out that no portion of the installments of alimony mentioned in the decree had ever been paid to plaintiff.

There was an answer filed in the probate court, by the administratrix of the estate of Charles A. Wolf, she being his widow. This answer, after a general denial, set up that Wolf was able at all times to pay the judgment but the claimant had made no effort to collect it; that the child mentioned in the decree was a minor at the time of the rendition of the decree of divorce but has since become of age and for a number of years has been self-supporting. It was also set out that plaintiff had since remarried and is not entitled to receive anything on account of the judgment. There was a reply to this, setting up, among other things, that this judgment for divorce was rendered prior to the limitations of the statutes of 1895, was payable in monthly installments of $10 each, and that plaintiff had been compelled to pay for the support of her son largely in excess of the $10 a month allowed by the decree, and that on the — day of October, 1905, decedent, Charles A. Wolf, had paid $15, which plaintiff had applied on account of costs due under the terms of the judgment, by reason of which payment, it is averred in the reply, the Statute of Limitations is no defense to plaintiff's claim.

At the trial in the circuit court that court found against the claimant and rendered judgment accordingly in favor of administratrix and ordered the judgment certified to the probate court. From that judgment plaintiff has duly appealed to our court.

Along with his decision in the case, the learned trial court filed an opinion in writing, which is brought up by appellant. After stating the facts as to the filing of the claim; that it was served April 23, 1915, returnable to the May, 1915, term of the probate court and filed in that court on May 10th; and setting up the substance of the answer to the attack made on the sufficiency of the claim or statement, the learned trial court found the statement was sufficient to give the probate court jurisdiction. The opinion then finds, as we do, that this is an action to which the ten-year statute (Laws 1895, p. 221, Revised Statutes 1909, sec. 1912) does not apply, holding that this suit, being on a judgment rendered prior to 1895, under that statute would be barred in the year 1905; but he holds, as we do, that the ten-year statute does not apply, but that section 6796, Revised Statutes 1889 (twenty-years limitation) does apply, the trial court saying:

"But it seems clear that the original section 6796, Revised Statutes of 1889, is the statute which should govern in case of a judgment rendered prior to 1895. The act of 1895 repealed that section and enacted as a new section in lieu thereof the present section 1912. Section 6796 and the following section, 6797, were parts of chapter 103 of the Statutes of 1889. Section 6797 was:

" ' The provisions of this chapter shall not apply to any actions commenced or to any cases where the right of action or of entry shall have occurred before the time when this chapter takes effect, but the same shall remain subject to the laws then in force.'

" ' The Act of 1895 took the place of section 6796 and became a part of that chapter, and subject to the same conditions that the section it had taken the place of had been subject to The chapter, so far as its

amended feature was concerned, took effect when the amendatory act took effect, and, hence, by its very terms did not apply to a cause of action then in existence, but such cause of action was to remain subject to the laws in force when it accrued.' McFaul v. Haley, 166 Mo. 56, 63; Cranor v. School District, 151 Mo. 119, 125.

"Since this statute (section 6796, Revised Statutes 1889) is the statute applying to a judgment rendered in 1894, the presumption of payment and satisfaction may be repelled by proof of payment made within twenty years.

"It is claimed very persuasively that, since this judgment requires payment in monthly installments running through a period of nineteen and one-half years, and up to a time about fourteen months before this claim was exhibited, it is of a continuing character, and the limitation ought not to run as to installments accruing within twenty years. It is said that as to such installments no cause of action would accrue which could be barred until they severally became due.

" 'Nevertheless, such a judgment must be subject to the incidents of other judgments, except in so far as the statutes otherwise provide by expression or implication.' (Dreyer v. Dickman, 131 Mo. App. 660, 665.) So it is held that, since there is no statute which takes a judgment for alimony from year to year out of the statute confining the issuance of executions on judgments to ten years from their date, and an ample remedy is provided for the wife to revive her judgment before ten years have elapsed and from one ten-year period to another, an execution could not issue on such a judgment more than ten years after its date. [Dreyer v. Dickman, supra; Biffle v. Pullam, 114 Mo. 50, 53, 55.]

"The above mentioned statute, in force up to 1895, refers to the judgments, orders and decrees and the dates of their rendition and declares that they 'shall be presumed to be paid and satisfied after the expiration of twenty years from the day of the rendition of such judgment, order or decree.' It makes no reference to the

time or times when the judgments or any parts of them are to be performed or paid. · The present statute, section 1912, uses the same language except that the period is ten years and the date referred to is that of the original rendition of the judgment or of its revivor, upon personal service, or of the last payment entered of record.

"So there is nothing in the statutes to relieve a judgment for alimony in installments from the incident of judgments in general, that they must be presumed to be paid and satisfied after the period fixed by the statute, except in the cases therein specified."

Following this, the court finds that the evidence fails to show any payment within twenty years before the claim was presented in April or May, 1915.

We will only add to what is said by the learned trial judge, that the decisions of our courts, Supreme and Appellate, are very clear and conclusive, to the effect that a judgment for alimony, whether in gross, from month to month, or from year to year, is a debt of record as much as any other judgment for money; that a wife is a judgment creditor and as such is entitled to avail herself of all the remedies given to judgment creditors; that in our state such a judgment is a judgment in an action at law, secured by statutory liens, enforceable by execution, and becomes dormant after the lapse of the statutory period unless revived; in fact it is subject to the same incidents as judgments in other actions at law. [See Nelson v. Nelson, a decision by our Supreme Court not yet officially reported but see 220 S. W. 1066.] In that case the judgment fell under the provisions of the ten-year statute and not, as here, under the twenty-year statute. In that case the Supreme Court cites with approval Chapman v. Chapman, 269 Mo. 663, 192 S. W. 448; Biffle v. Pullam, 114 Mo. 50, 21 S. W. 450; Dreyer v. Dickman, 131 Mo. App. 660, 111 S. W. 616; and Hauck v. Hauck, 198 Mo. App. 381, 200 S. W. 679, and says:

"Not only are judgments for alimony from year to year subject to the same incidents as judgments in other actions at law, but like them are *res adjudicata* as to all conditions or facts existing at the date of their rendition.

[Deidesheimer v. Deidesheimer, 74 Mo. 234.] As to the state of the case existing when entered, they are final and cannot be set aside or anulled, except for mistake or fraud as in the case of other judgments.''

Commenting on and disapproving of what we held in Francis v. Francis, 192 Mo. App. 710, 179 S. W. 975, to the effect that of its own motion the court, after the lapse of the term, can set aside and modify such judgment, the court says, in Nelson v. Nelson, supra:

''To say that a judgment for alimony, in respect to past-due and unpaid installments, is a judgment and fixed debt, unless and until alter d, is to say that it is not fixed at all, and on such hypothesis the judgment in that respect would be interlocutory and not final as a matter of course. Solely for that reason, judgments for alimony rendered in those forums that exercise the power to modify them retroactively, are not under the protection of the full-faith and credit clause of the federal Constitution, and suit cannot be maintained on past-due installments thereof in the courts of sister states. [Sistare v. Sistare, supra.] For the same reason unpaid overdue installments under the judgments of such courts are not provable in courts of bankruptcy. [In re Nowell, supra.] If not otherwise impelled thereto, we would be constrained to hold for reasons of public policy alone that the courts of this State have no power to revoke or modify an installment of alimony which has accrued prior to the making of an application therefor. The case of Francis v. Francis, 192 Mo. App. 710, 179 S. W. 975, to the extent that it holds the contrary, is hereby overruled.''

We may add that the error by our court in Francis v. Francis, supra, was in saying that the trial court could set aside a judgment for alimony at a subsequent term, of its own motion. That was mere *dicta* by the writer in that cause, as no such action had been taken by the trial court.

It follows, therefore, that plaintiff's claim here is barred under the twenty-year Statute of Limitations, the trial court finding, as a matter of fact, that no pay-

ment had been made thereon by the defendant debtor or by any one for him.

It is assigned as one of the errors that the court had improperly rejected testimony offered by the plaintiff. No argument is made on this point, but looking at the abstract of the record we find that the only substantial testimony offered and rejected was that of the wife. On objection that she was incompetent to testify, her husband being dead, the learned trial court sustained the objection; and while counsel for plaintiff offered what he expected to prove by her, when the objection was sustained he does not appear to have saved his exceptions. That action of the trial court, therefore, is not before us for review.

We have examined the authorities cited by the learned counsel for appellant, but do not find anything in them contrary to what we here hold and what was held by the circuit court. Particular stress is laid upon the decision of our Supreme Court in Ewing v. Taylor, 70 Mo. 394. What is there held is that no judgment is too old to be allowed against the estate of a decedent until the time has elapsed since its rendition which the law designates presumption of payment may be indulged. We cannot see that this supports, in any manner, the contention of counsel for the appellant. The learned trial court found that there had been no payment within twenty years after the rendition of the judgment. That finding of fact is binding on us and as he correctly applied the twenty-years Statute of Limitations to this case, his finding is in accordance with what was held by our Supreme Court in Ewing v. Taylor, supra.

The judgment of the circuit court is affirmed. *Becker, J.,* concurs. *Allen, J.,* concurs in result.