## TATUM v. DAVIS.

(Circuit Court of Appeals, Eighth Circuit.   September 11, 1922.)

No. 5990.

1. **Appeal and error ⊜⟹850(2)—Only question on writ of error where no rulings are complained of is whether facts found support the judgment.**

Where no complaint is made on writ of error of rulings during the progress of the trial, and the jury was waived, and the court made special findings of fact, the only question for the Circuit Court of Appeals is whether the facts found are sufficient to support the judgment under Rev. St. §§ 649, 700 (Comp. St. §§ 1587, 1668).

2. **Limitation of actions ⊜⟹25(11), 106—Recovery of alimony payable monthly under decree rendered more than 10 years prior to commencement of suit barred by statutory presumption of payment; statute not tolled by appeal from judgment.**

A statute creating a presumption of payment of a judgment 10 years after rendition or 10 years from date of last payment *held* to bar recovery of alimony under decree providing for monthly payment thereof more than 10 years after the decree was rendered, though only a small part of the alimony sought to be recovered fell due more than 10 years before the action was brought; nor was the statute tolled by appeal over controversy as to children's custody.

3. **Courts ⊜⟹366(9)—Federal court, in construing state's statute, bound by interpretation given statute by state courts.**

In action to recover alimony, defended on the ground that a state statute created a conclusive presumption that the judgment, which had been rendered more than 10 years prior to the commencement of the suit, had been satisfied, the federal court is bound by the construction and interpretation given to such statutes by the state courts.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action by Letah M. Tatum against W. True Davis. Judgment for defendant, and plaintiff brings error. Affirmed.

Sam B. Strother and Spurgeon L. Smithson, both of Kansas City, Mo., and Vinton Pike, of St. Joseph, Mo., for plaintiff in error.

Benjamin Phillip, of St. Joseph, Mo. (Culver, Phillip & Voorhees, of St. Joseph, Mo., on the brief), for defendant in error.

Before LEWIS and KENYON, Circuit Judges, and JOHNSON, District Judge.

LEWIS, Circuit Judge. This action of debt was begun by plaintiff in error in November, 1919. It is founded on a judgment of a Missouri Circuit Court, rendered in January, 1908, in a divorce case between the parties, by which the bonds of matrimony then existing were dissolved, and defendant in error, who was defendant there, was adjudged to pay to the plaintiff in error $200 per month on the first day of each month, beginning on February 1, 1908, as alimony for the support of herself and two minor children, and that she have execution therefor. In October following, plaintiff in error married, and has since lived with B. B. Tatum, of Miami, Florida, as his wife. After the marriage defendant in error began some proceeding in the State

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

circuit court to modify the divorce decree respecting the custody of the minor children and allowance of alimony, on the ground that plaintiff had remarried and was about to remove the children from the jurisdiction of the State court. Upon hearing, the State court modified the decree and took from plaintiff the custody, care and, control of the children, from which order she prosecuted an appeal to the Kansas City Court of Appeals, and said order was reversed by the appellate court, on April 4, 1910. That court dealt only with the question of the custody of the children. None of the installments of alimony has been paid and no execution was ever issued for their collection, nor was that judgment ever revived, as might have been done under the State practice. After the decree of divorce plaintiff supportd the children until her remarriage, and since then Mr. Tatum has cared for her and them. In this action a recovery of all accrued installments and interest thereon is sought. A jury was regularly waived, the court made a special finding of facts, which have been stated, and then sustained the defenses of statutory presumption of payment, and limitation.

[1] No complaint is made of rulings during the progress of the trial, so the only question here is, whether the facts found are sufficient to support the judgment against plaintiff in error. Rev. St. §§ 649, 700 (Comp. St. §§ 1587, 1668); Webb v. Bank, 146 Fed. 717, 77 C. C. A. 143; Guaranty Trust Co. v. Koehler, 195 Fed. 669, 115 C. C. A. 475; Eastern Oil Co. v. Holcomb, 212 Fed. 126, 128 C. C. A. 642.

The trial court held that the State statute relied upon by the defendant in his answer as his only defenses prevented a recovery. As amended in 1899 (Laws 1899, p. 300) it reads:

"Every judgment, order or decree of any court of record of * * * this * * * state, * * * shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever."

[2] As will be at once observed, the statute is not only one of limitation, but it also establishes a rule of evidence. It declares in plain and unmistakable terms that a lapse of ten years from the date of rendition, or revival, or last payment entered upon the record thereof, is both a bar to the bringing of any suit thereon for any purpose whatever and also a conclusive presumption of payment. It is argued that the statute does not apply because the alimony was not in gross and payable and recoverable at once, but in monthly installments, and that the obligation to pay and the right to collect did not accrue until each installment separately became due, and that only a small part of them fell due more than ten years before the bringing of this action. It is not claimed that an execution could have been sued out at the time the

action was begun to collect any installment. It has been expressly held that an execution could not issue. In Dreyer v. Dickman, 131 Mo. App. 660, 665, 111 S. W. 618, the St. Louis Court of Appeals held that an execution could not lawfully issue more than ten years after the date of a judgment for alimony. The judgment was rendered May 26, 1894, and the execution issued November 30, 1904. The alimony was payable monthly. That court said:

"Certain remedies to enforce payment of alimony, such as requiring the husband to give security for its payment, are allowed by the statutes, and these remedies do not obtain in the case of ordinary judgments. But there is no statute which takes a judgment for alimony from year to year out of the statute confining the issuance of executions on judgments to 10 years from their date. An ample remedy is provided in favor of the wife, by a revival of her judgment by scire facias before 10 years have elapsed and from one 10 year period to another. That there may be successive revivals to keep a judgment alive so that an execution will issue on it after it has run more than 10 years, was decided by the Supreme Court in Goddard v. Delaney, 181 Mo. 564, 80 S. W. 886. It is true a judgment like this one is of a continuing character; but we see no reason why it is not essential to revive it in order that it may be enforced by execution after 10 years, just as in the case of other judgments."

In Hauck v. Hauck, 198 Mo. App. 385, 200 S. W. 679, the same court held that a judgment for alimony payable in monthly installments was dead after the lapse of ten years from the date of its rendition, there having been no payments made and credited on it. These two opinions were not only cited with approval in Nelson v. Nelson, 282 Mo. 422, 221 S. W. 1066, but we think that that court also decided the question presented to us against the contention of plaintiff in error, thus:

"A judgment for alimony, whether in gross or from year to year, is a debt of record as much as any other judgment for money. The wife is a judgment creditor and as such is entitled to avail herself of all the remedies given to judgment creditors. 1 R. C. L. p. 951, § 97. In this state such a judgment is a judgment in an action at law, secured by statutory liens, enforceable by execution, and becomes dormant after the lapse of the statutory period of 10 years unless revived. In fact it is subject to the same incidents as judgments in other actions at law. Chapman v. Chapman [269 Mo. 663]; Biffle v. Pullam, 114 Mo. 50, 21 S. W. 450; Dreyer v. Dickman, 131 Mo. App. 660, 111 S. W. 616; Hauck v. Hauck, 198 Mo. App. 381, 200 S. W. 679."

And it was expressly held that—

"A judgment for alimony from year to year is subject to the same incidents as other judgments rendered in actions at law."

The St. Louis Court of Appeals passed on the question we are considering, in Remmers v. Wolf's Estate, 206 Mo. App. 159, 226 S. W. 290. It appeared there that none of the monthly installments of alimony allowed the wife in the divorce proceedings had been paid, and that the time fixed by the statute had run. The last installment fell due about fourteen months before the claim for all of them was presented in probate for allowance against the deceased husband's estate. It was held that there was nothing in the statute to relieve the judgment for alimony in installments from the incident of judgments in general, that they must be presumed to be paid and satisfied after the period

fixed by the statute, and that such a judgment becomes dormant after the lapse of the statutory period unless revived. The claim was denied on that ground.

Some reliance appears to be placed on the contention that the appeal over the controversy about the custody of the children tolled the statute; but it is held to the contrary in Kansas City v. Field, 270 Mo. 515, 516, 194 S. W. 39.

[3] We are bound by the construction and interpretation given to the statute by the State courts; moreover, our views are in accord with the views expressed by those courts on that subject.

Affirmed.